IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. F. 08-00384 OWW |
| | ) | |
| Plaintiff, | ) | ORDER ON MOTIONS IN LIMINE |
| | ) | |
| v. | ) | Oliver W. Wanger |
| | ) | |
| KAREN JEAN FREYLING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court heard and considered written and oral arguments on various pretrial motions by the government and defendants on December 2, 2009.  Having considered the matters and ruled on them on the record at the conclusion of the hearing, the Court now issues the following order as confirmation of its rulings.

    1.) Government motion to admit evidence under Rule 404(b): the government may introduce evidence of defendant Freyling's prior conduct in applying for and receiving government benefits but only after she testifies and if she puts her knowledge and intent in receiving

government benefits at issue in this case.  If the evidence is introduced, it will be limited to purposes under Rule 404(b) such as demonstrating the defendant's absence of mistake, knowledge, and intent.  It will also be accompanied by a limiting instruction so that the jury does not consider the evidence for any other purpose.

2.) Defense motion to dismiss Counts 14 and 15 on grounds of multiplicity: the motion is denied. The indictment properly pleads two separate offenses using two different theories of liability.

3.) Defense motion to dismiss Count One on the grounds of duplicity and the creation of multiple conspiracies: the motion is denied.  To the extent that defendant Freyling wishes to submit a proposed special verdict, she may do so no later than the time proposed jury instructions are submitted.  If a special verdict is used, it will not limit the Court's ability to consider conduct beyond the statute of limitations for purposes of sentencing if it is relevant conduct.

4.) Defense request for supplemental peremptory challenges: granted.  Defendants Mott and Riedel will be given one additional challenge to be exercised individually with all five defendants being given ten challenges to be exercised jointly.  The government will be given a total of seven peremptory challenges.

5.) Defense motion to exclude evidence of e-mail communications: denied.  The government and the

2

           defendants are to provide copies of intended trial exhibits by the close of business on January 6, 2010. The parties have agreed to attempt to provide copies of potential trial exhibits, as they become identified, prior to that date.

6.) Defense notice of public authority and entrapment by estoppel defenses.  The Court notes that the defendant will be obligated to adhere to the provisions of Federal Rules of Evidence 12.3 and 12.4.  The defendant will need to provide legal authority that corroborates an argument that government conduct in this case is a sufficient basis for a defense before the Court will provide a requested instruction to the jury.  The government may also provide legal authority on the issue.

7.) Tax returns: the government will make copies of tax returns available to all counsel before the trial.  The government may use copies of tax returns as evidence if they are admissible evidence.  The Court will enter a protective order to protect the privacy of the person who filed any return that becomes a trial exhibit.

IT IS SO ORDERED.

**Dated:   January 5, 2010**              /s/ Oliver W. Wanger
                                                UNITED STATES DISTRICT JUDGE