**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN WALTER BUTTS, | 1:08-CR-00384-LJO |
| Movant, | ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Doc. 281) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION

Steven Walter Butts ("Petitioner") is a prisoner in federal custody proceeding pro se. Now before the Court is his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. For the reasons discussed below, this Court DENIES Petitioner's motion.

## II. BACKGROUND

On October 8, 2008, Petitioner was indicted along with co-defendants for violations of 18 U.S.C. § 371, Conspiracy; 18 U.S.C. § 1343, Wire Fraud and Aiding and Abetting; 18 U.S.C. § 1341, Mail Fraud and Aiding and Abetting; 17 U.S.C. § 506(a)(1), Criminal Infringement of a Copyright; 18 U.S.C. § 545, Smuggling Goods into the United States; 18 U.S.C. § 2320(a), Criminal Trademark Violations; and 18 U.S.C. § 641, Theft of Government Money. Doc. 31-1. After pleading not guilty, Petitioner was found guilty at trial of violating one count of 18 U.S.C. § 371, Conspiracy; six counts of 18 U.S.C. § 1341, Mail Fraud and Aiding and Abetting; three counts of 18 U.S.C. § 1343, Wire Fraud and Aiding and Abetting; one count of 18 U.S.C. § 2318, Trafficking in Counterfeit Label, Illicit Labels and Counterfeit Documentation and Packaging; two counts of 18 U.S.C. § Entry of Goods by Means of

False Statement and Smuggling Goods into the United States; one count of 18 U.S.C. § 1341, Mail Fraud; and one count of 18 U.S.C. § 1001(a)(2), Mail Fraud. Doc. 181. The Court sentenced Petitioner to 95 months imprisonment and 36 months of supervised release. *Id*. Petitioner did not appeal. Doc. 281.

Petitioner filed a § 2255 motion to vacate, set aside, or correct his sentence on July 23, 2014. Doc. 281.

## III. DISCUSSION

**A.     Collateral Attack of a Conviction or Sentence**

A petitioner can collaterally attack his conviction and sentence. 28 U.S.C. § 2255. Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Petitioner's relies in large part upon the Ninth Circuit's ruling in *United States v. Liu*, 731 F.3d 982 (9th Cir. 2013), which held in the context of a prosecution for criminal copyright infringement that the relevant jury instructions must explain that in order to willfully infringe a copyright, a defendant must know that his actions were unlawful. *Id*. at 990-91. Petitioner argues that this enhanced requirement renders the jury instructions given in his 2010 trial unconstitutional or against the laws of the United States. *Id*. at 991.

**B.     Statute of Limitations**

A § 2255 motion must be made one year from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner has not shown that he filed his petition within a year of his conviction becoming final nor has he presented evidence that he falls into any of the other three categories that would extend the applicable statute of limitations. "The Supreme Court has held that a conviction is final in the context of habeas review when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (internal quotation marks omitted). Petitioner did not file an appeal in his case and thus his conviction became final ten days after the entry of judgment of the district court, which in Petitioner's case was on February 19, 2010. Fed. R. App. P. 4.; Doc. 281. As his § 2255 petition was not filed until July 23, 2014, Petitioner's motion is untimely if his statute of limitations is calculated pursuant to § 2255(f)(1).

Petitioner has not presented a new right recognized by the Supreme Court nor has he presented new facts that would affect Petitioner's claim. Therefore the statute of limitations is not tolled under § 2255(f)(3) or (4).

Petitioner appears to evoke § 2255(f)(2). To constitute an impediment to trigger statutory tolling, the government must have imposed an impediment in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(f)(2). Petitioner suggests that the changing jury instruction requirements constitute a removal of an impediment and thus his statute of limitations should run from the decision in *Liu*. An alleged governmental impediment must be illegal or unconstitutional. *United States v. Monreal*, 301 F.3d 1127, 1131 (9th Cir. 2002). The Ninth Circuit's ruling in *Liu* does not constitute the removal of an impediment imposed by the government, because nothing about the state of the law pre-*Liu* constituted an "impediment" that rendered Petitioner incapable of filing his § 2255 motion. That he might have had a worse chance of success before *Liu* did not make filing of § 2255 motion impossible. If a Circuit Court's decision clarifying a body of substantive or procedural law could be considered the removal of an impediment, any prisoner convicted under the previous understanding of the legal or procedural standard would be free to file a habeas petition, no matter the amount of time that had passed

1   since his conviction became final. The text of § 2255(f) cannot bear that construction. *See Shannon v.*

2   *Newland*, 410 F.3d 1083, 1087-88 (9th Cir. 2005) (applying similar reasoning in the context of 28

3   U.S.C. § 2244).

4         Even if the Court were to take the view that a change in the law was equivalent to the removal of

5   an impediment, *Liu* would not provide Petitioner a basis to collaterally attack his sentence and

6   conviction. For a change in criminal procedure law to be retroactively applied, and thus provide the

7   basis for a claim under § 2255, it must fall into one of two narrow exceptions created by *Teague v. Lane*,

8   489 U.S. 288, 306 (1989). These exceptions are as follows:

9        First, a new rule should be applied retroactively if it places certain kinds of primary,
     private individual conduct beyond the power of the criminal law-making authority to
10       proscribe…Second, a new rule should be applied retroactively if it requires the
     observance of those procedures that ... are implicit in the concept of ordered liberty.

11

12  *Id*. (internal citations and quotations omitted). The holding in *Liu* does not decriminalize Petitioner's

13  actions and thus does not fall into the first exceptions. Nor are the changes required in the jury

14  instruction considered "watershed rules" which alter society's understanding of the "bedrock procedural

15  elements of essential fairness of a proceeding." *United States. v. Sanchez-Cervantes*, 282 F.3d 664, 668-

16  669 (9th Cir. 2002). Only the most fundamental elements of criminal procedure, such as the right to

17  counsel in criminal cases, are applied retroactively under "the concept of ordered liberty." *Id*.

18        As Petitioner has not presented any arguments which would suggest that his § 2255 is timely, his

19  petition in DENIED.

20  **C.     Certificate of Appealability**

21        A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has

22  first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of

23  appealability will issue only when a movant has made "a substantial showing of the denial of a

24  constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a §

25  2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that

26  reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2)

whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id*. This Court finds that Mr. Butts has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This Court further finds that reasonable jurists would not find this Court's assessment of Mr. Butts' claims debatable or wrong. *Slack*, 529 U.S. at 483. Accordingly, this Court declines to issue a certificate of appealability.

## IV. <u>**CONCLUSION AND ORDER**</u>

For the reason discussed above, this Court:

1.      DENIES Mr. Butts' § 2255 motion to vacate, set aside, or correct sentence; and

2.      DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 7, 2014**                    **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE